[Cite as *State v. Lee*, 2017-Ohio-4109.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No. L-16-1229

    Appellee                                  Trial Court No. CR0201601336

v.

Brian Lee                                         **DECISION AND JUDGMENT**

    Appellant                                 Decided:  June 2, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Patricia S. Wardrop, Assistant Prosecuting Attorney, for appellee.

Tim A. Dugan, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Brian Lee, appeals from the September 19, 2016 judgment of the
Lucas County Court of Common Pleas convicting him of breaking and entering, a
violation of R.C. 2911.13(A), a fifth-degree felony, and sentencing him to 11 months of
imprisonment.  For the reasons which follow, we affirm.

**{¶ 2}** On appeal, appellant asserts the following single assignment of error:

The Trial Court failed to properly consider R.C. §2929.11 and R.C. §2929.12 as required by law when it sentenced Appellant to a prison term.

**{¶ 3}** Within this assignment of error, appellant specifically argues that the trial court did not consider sentencing appellant to an intensive drug treatment program. He further argues the court did not consider all of the options for sentencing and, therefore, the sentence was not in compliance with the requirements of R.C. 2929.11 and 2929.12.

**{¶ 4}** On appeal, our standard of review is whether there is clear and convincing evidence in the record to support the findings of the court made under R.C. 2929.13(B) or (D), 2929.14 (2)(e) or (C)(14), or 2929.20(I) and whether the sentence is contrary to law. R.C. 2953.08(G)(2).

**{¶ 5}** For a felony of the fifth degree, the court is only required to impose a community control sanction if all of the provisions of R.C. 2929.13(B)(1)(a)(i)-(iv) apply. One of those factors is that the defendant "previously has not been convicted of or pleaded guilty to a felony offense." R.C. 2929.13(B)(1)(a)(i). In this case, appellant has six adult felony convictions. Therefore, the court was not required to impose a community control sanction but had the discretion to impose either a community control sanction or a prison term. R.C. 2929.13(B)(1)(b). A felony of the fifth degree can be punished by a term of incarceration ranging from six months to one year. R.C. 2929.14(A)(5).

**{¶ 6}** In its judgment, the trial court stated it "considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12." The court made substantially the same statement at the sentencing hearing. The court found appellant was not amenable to community control and that a prison term was consistent with the purposes of R.C. 2929.11. At the sentencing hearing, the trial court specifically noted that this was appellant's 36th conviction. Appellant informed the court that appellant now realized all of his convictions were related to his drug addiction and that he needed a community control sentence in order to complete the drug rehabilitation treatment which he had voluntarily begun.

**{¶ 7}** Upon a review of the record, therefore, we find that the trial court knew of appellant's drug addiction and voluntary participation in a drug treatment program. The court also considered the facts of this case and the relevant sentencing factors before imposing appellant's sentence. There is no evidence to support appellant's contention the trial court did not consider imposing a community control sanction because the court specifically found that appellant was not amenable to community control. Appellant's sole assignment of error is not well-taken.

3.

**{¶ 8}** Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

_____
JUDGE

James D. Jensen, P.J.

Christine E. Mayle, J.

_____
JUDGE

CONCUR.

_____
JUDGE